IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 13 B 16255 |
| Jose Arenas and Angelina Arenas ) | Hon. Judge Schmetterer |
| Debtors. ) | CHAPTER 13 |
| ) | |
| _____ ) | |
| ) | |
| ) | |
| Jose Arenas and Angelina Arenas ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ADV. NO. 13 AP 00887 |
| ) | |
| Citibank, N.A ) | |
| ) | |
| Defendant. ) | |

## FINDINGS FACT AND CONCLUSIONS OF LAW

### A. The Parties

1. The Plaintiffs are Jose Arenas and Angelina Arenas ("Plaintiffs").

2. The Defendant is Citibank, N.A., ("Defendant").

### B. Factual Background

1. On April 18, 2013 Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code, as 13-16255.

2. That PNC Mortgage holds a first mortgage lien on the real property commonly known as 4024 Center Avenue, Lyons, IL 60534, with a secured claim of $173,412.77 pursuant to the proof of claim filed on June 6, 2013 in Plaintiffs' underlying bankruptcy case.

3. That Defendant holds a second mortgage lien on the real property commonly known as 4042 Center Avenue, Lyons, Illinois 60534 with a secured claim of $21,731.50 pursuant to the proof of claim filed on June 3, 2013 in Plaintiffs' underlying bankruptcy case.

4. On March 4, 2013, William A Jackson of William Jackson Appraisals performed a residential real estate appraisal on Plaintiffs' property. Said appraisal reflects the value of 4024 Center Avenue, Lyons, IL 60534 to be $131,000.

5. The Modified Chapter 13 Plan filed on July 16, 2013 provides that plaintiffs will make month payments to the Chapter 13 Trustee in the amount of $550.00 per month for 36 months.

6. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

7. On June 20, 2013, Plaintiffs issued an Alias Summons and Complaint pursuant to 11. U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 4024 Center Avenue, Lyons, IL 60534.

8. That on June 20, 2013, a copy of the summons and complaint was served in accordance with Fed. R. Bank. P. 7004 *via certified mail*, postage prepaid to:

    a. Citibank, N.A., Att: Gene McQuade, CEO, 399 Park Ave, New York, NY 10022

    b. Citibank, N.A., Att: Michael Corbat, CEO Citigroup, Inc., 399 Park Ave, New York, NY, 10022

    c. President of Citibank, N.A., Office of the President, P.O. Box 9438, Gettysburg, Maryland, 20898

    d. Citibank, N.A., Subpoena Compliance Unit, 701 E 60th Street N, PO Box 6034, MC 1251, Sioux Falls, SD, 57117-6034

9. That on June 20, 2013 a copy of the Alias and Complaint was also served via regular mail to Citifinancial/Citimortgage, 6400 Colinas Blvd., Mailstop CC3-90, Irving, TX, 75035.

10. The Alias Summons indicated that motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $131,000.00.

13. The first secured claim of PNC Mortgage in the amount of $173,412.77 exhausts the value and equity in Plaintiffs' residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

Case 13-00887    Doc 12    Filed 08/05/13    Entered 08/06/13 12:00:57    Desc Main
Document    Page 3 of 3

13-00887:9.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 7/29/2013 7:59:21 PM by:Monica Morariu Page 3 of 3

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

1. This action was initiated under 11 U.S.C. 506(a) and Fed. R. Bank. P 3012.

2. Plaintiffs scheduled the first secured claim of PNC mortgage in the amount of $173, 523.00. PNC Mortgage filed a proof of claim in the underlying bankruptcy case indicating a secured claim of $173, 412.77.

3. Plaintiffs scheduled the second secured claim of Citibank, N.A. in the amount of $21, 499.00. The Defendant filed a proof of claim in the underlying bankruptcy case indicating a secured claim of $21, 731.50.

4. The value of Plaintiffs' residence is $131,000.00.

5. The first mortgage lien of $173,412.77 exceeds the value of the subject property, $131,000.00.

6. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage lien would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim. If the Debtors' Chapter 13 Bankruptcy case is dismissed then any lien voided under § 506(d) is reinstated. 11 U.S.C. § 349(b)(1)(C).

7. A majority of circuit courts hold that a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. § 506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. § 1322(b). *See Nobleman v. American Savings Bank*, 508 U.S. 324 (1993).

8. Because the second junior mortgage lien held by Defendant is wholly unsecured, it should not be allowed a secured claim and the second junior mortgage lien may be stripped off. *See Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2nd Cir. 2001); *In re McDonald*, 205 F.3d 606 (3 rd Cir.2000); *Bartee v. Tara Colony Homeowners Association (In re Bartee)*, 212 F. 3d 277 (5th Cir. 2000); *In re Tanner*, 217 F. 3d 1357 (11th Cir. 2000); *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); *In re Lane*, 280 F. 3d 663 (6th Cir. 2002).

Dated: 8/5/13

Enter:

United States Bankruptcy Judge
AUG 0 5 2013

Citizens Law Group, Ltd.
Attorney for Debtor
2101 West Division
Chicago, IL 60622